# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

**FILED**

**SEP 29 2014**

U.S. Bankruptcy Court
District of Maryland

CASE NO. 08-27450

IN RE ALAN B. FABIAN

CHAPTER 7

MOTION FOR RELIEF PURSUANT TO 11 USC §524 and 26 USC §7433(e)

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| COUNTY OF UNION | : s.s.: |

## RELIEF SOUGHT

The Petitioner, Alan B. Fabian, moves this court, pursuant to Fed. R. Bank. P. 9014 and 9020, 11 USC §524, and 26 USC §7433(e), to hold the Internal Revenue Service (hereinafter "the IRS") in contempt for violation the discharge injunction under 11 USC §524 and to enforce the injunction.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 11 USC §105(a). This proceeding is a core proceeding under the United States Bankruptcy Code.

11 USC §524 does not create a private right of action, but must be brought by a contempt proceeding under Fed. R. Bank. P. 9020. Rule 9020 requires that contempt proceedings be brought as contested matters under Rule 9014. *Tenczar v. Gable (In re Tenczar)*, 466 B.R. 32 (Bankr. D. Mass. 2012)(cases cited). Contempt proceedings are not included in the list of adversary proceedings in Fed. R. Bank. P. 7001.

This Court has jurisdiction to reopen this case for the limited purposes of hearing this Motion pursuant to 11 USC §350.

1



This Court also has jurisdiction pursuant to 26 USC §7433(e)(1) to hear actions related to the violation of 11 USC §524 by any employee or officer of the IRS.

## FACTS

On January 27, 2010, this Court granted a discharge to the Movant of all debts pursuant to 11 USC §727 except for: (1) the Order of Restitution entered in the U.S. District Court of Maryland on January 20, 2009 and (2) the indebtedness due to Strategic Partners International Inc. as determined by this Court in December 2010.

On May 3, 2011, the Movant received notice from Mr. Steve Hansen of the Internal Revenue Service alleging failure to file Form 5471 for tax years 2002-2007.

On May 26, 2011, the Movant filed Form 5471 for tax years 2002-2007 pursuant to Rev. Proc. 92-70 with a statement that Movant believed he was not legally required to file Form 5471 for those years.

On August 1, 2011, the IRS sent a Notice of Penalty charging $10,000 per year for tax years 2002-2007.

On August 7, 2011, the Movant responded to the August 1, 2011 notice by letter informing the IRS of his bankruptcy discharge and its applicability to tax penalties. The Movant informed the IRS of its violation of the discharge injunction pursuant to 11 USC §524.

On May 26, 2011 and August 7, 2011, the Movant advised the IRS of his correct address. The IRS has sent other notices to the Movant's Lewisburg, PA address so they are without excuse.

On September 5, 2011, the IRS sent another notice to the Movant.

On October 12, 2011, the IRS sent a letter acknowledging receipt of the August 7, 2011 letter and allotting further time to investigate.

2

On January 5, 2012, the Movant sent another letter to the IRS with the Discharge Order.

On April 9, 2012, the IRS sent a Notice of Intent to Levy by certified mail to the incorrect address.

On April 17, 2012, the Movant sent another letter to the IRS with multiple attachments.

From April 9, 2012 until September 13, 2014, the Movant received no further communication from the IRS.

On September 13, 2014, the Movant was informed by Mrs. Jacqueline Richards-Fabian that another Notice of Intent to Levy was received at the wrong address.

## ARGUMENT

### The Penalties under 26 USC §6038(b) are Dischargeable

11 USC §524(a)(2) operates as an injunction against the "commencement or continuation of an action . . . to collect, recover, or offset any such debt as a personal liability of the debtor."

Two separate provisions of the Bankruptcy Code govern the dischargeability of tax penalties: §507(a)(8)(G) and §523(a)(7).

§507(a)(8)(G) makes a tax penalty a priority claim and nondischargeable under §523(a)(1)(A) only if it relates to a tax under Title 26, Subtitle A or Subtitle B AND if the penalty as opposed to being punitive in nature is made in compensation for an actual pecuniary loss. It is the general rule that the purpose of tax penalties is "to punish those who fail to abide by the taxing structure, and to deter those who might be inclined to avoid tax payment." *In re Manchester Lakes Assoc.*, 117 B.R. 221, 224 (Bankr. E.D. Va. 1990). Consequently, the tax penalty asses under 26 USC §6038(b) is punitive in nature and not subject to priority regardless of any underlying tax obligations.

3

11 USC §523(a)(7) excepts from discharge a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty, (A) relating to a tax of a kind **NOT** specifically specified in paragraph (1) of this subsection; **OR** (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."

Under subparagraph (A), any penalty not related to a tax on income under Subtitle A or B of Title 26 is discharged.

Under subparagraph (B), any penalty related to an event or transaction that is older than 3 years before the bankruptcy petition is filed is discharged. This includes a penalty related to a tax on income under Subtitle A or B of Title 26 if the event or transaction took place before 3 years prior to the filing of a bankruptcy petition. See *Hosack v. IRS (In re Hosack)*, 2008 U.S. App. Lexis 9601 (CA5 2008); *Polston v. United States (In re Polston)*, 239 BR 277 (BC MD Pa 1999).

A debtor receives a discharge of any tax penalty as long as the conditions as set forth in **EITHER** paragraph (A) **OR** (B) of §523(a)(7) have been met. See *Blair v. Ohio Dept. of Taxation (In re Blair)*, 302 B.R. 564, 567-68 (Bankr. N.D. Oh. 2003) for discussion of the Supreme Court cases, Circuit cases, and legislative history.

The penalty under 26 USC §6038(b) does not relate to a tax imposed under Subtitle A or B of Title 26; therefore, the penalty has been discharged.

In addition, the penalty assessed against the Movant under 26 USC §6038(b) relates to an event and transaction that took place on June 25, 2002. This event and transaction occurred more than three years before the filing of the petition for relief in this case; therefore, the penalties have been discharged.

### The Movant was not required to File Form 5471

11 USC §505 provides that the bankruptcy court may determine the amount or legality of any tax, any fine or penalty to a tax in a cases that have not been previously adjudicated in a contested proceeding. 11 USC §505(a)(1). This discretion is limited to interpreting the Tax Code. *Heydemann v. United States (In re Heydemann)*, 2008 U.S. Dist. Lexis 53875 (DC Md. 2008).

Jalex Internationale S.A. (JALEX) was owned by Strategic Partners International LLC. The Movant was listed as the beneficial owner since he was the managing director of Strategic Partners LLC.

Strategic Partners International LLC was sold in July of 2000 and merged out of existence in the fall of 2001. As evidenced in the attached Affidavit, Jalex Internationale S.A. was struck from the corporate registry records of the Bahamas in 2001. The Movant ceased paying fees and abandoned the company

In February 2006, the manager of Jalex contacted the Movant to arrange for the payment of back fees that evidently still owed. The Movant paid those back fees to close out the account.

Since the Movant did not own or control more than 50% of Jalex and since Jalex was struck from the company register in 2001, the Movant was not required to file Form 5471 as he did not meet the ownership requirements and there was no valid company as it had been struck from the register.

### Sanctions

11 USC §105 allows for this Court to award appropriate sanctions and damages for a violation of the §524 discharge injunction. In addition, 26 USC §7433(e) also gives this Court authority to award damages for a violation of §524.

Accordingly, the Movant asks this Court should it find in favor of the Movant to award the Movant appropriate sanctions.

## HEARING NOT REQUIRED

The Movant does not believe a hearing is required. If the Court determines a hearing is necessary, the Movant requests a telephonic hearing which has been conducted with ease in the past.

## RELIEF SOUGHT

The Petitioner PRAYS this Court to GRANT this Motion to find the IRS in contempt for violating the §524 discharge injunction and GRANT appropriate sanctions in its discretion.

Pursuant to 28 U.S.C. §1746(1), I declare under the penalty of perjury that the aforementioned is true to the best of my belief, information and knowledge.

Dated this 24th day of September, 2014

Alan B. Fabian, *Pro Se*
43008-037
PO Box 2000
Lewisburg, PA 17837

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in accordance with Fed. R. Bank. P. 7004, 9014, and 9020, I served a true and correct copy of this Motion to all the parties at the addresses listed below by placing it in the BOP Legal Mail System for delivery by first-class, prepaid postage mail on the date listed below.

Civil Process Clerk
Office of the U.S. Attorney
36 S. Charles St., 4th Floor
Baltimore, MD 21201

Attorney General
Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530

IRS
31 Hopkins Plaza
Baltimore, MD 21201


Dated this 24th day of September, 2014

_____
Alan B. Fabian, *Pro Se*

7

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

CASE NO. 08-27450

IN RE ALAN B. FABIAN

CHAPTER 7

AFFIDAVIT IN SUPPORT OF MOTION
PURSUANT TO 11 USC §524

COMMONWEALTH OF PENNSYLVANIA  :
      COUNTY OF UNION                :   s.s.:

I, ALAN B. FABIAN, declare and state as follows, to wit:

1. I am over the age of 18 years and I am currently incarcerated at FPC Lewisburg, 2400 Robert F. Miller Drive, PO Box 2000, Lewisburg, PA 17837.

2. I am the Movant herein and I have personal knowledge of and am well-acquainted with the facts herein.

3. I make this Declaration in support of my Motion pursuant to 11 USC §524.

4. On May 3, 2011, Mr. Steve Hansen of the IRS sent notice addressed to me at PO Box 2000, Lewisburg, PA 17837 asserting I had failed to file Form 5471 for tax years 2002 to 2007.

5. On May 26, 2011, I submitted completed Forms 5471 to Mr. Hansen with a statement as to why they were not required.

6. On August 1, 2011, the IRS sent a Notice of Penalty for tax years 2002 to 2007 to 150 Hopkins Road, Baltimore, MD 21212 which is not the address which Mr. Hansen had on file for me and to which he sent his original letter. It is not the address where I currently reside.

7. On August 7, 2011, I responded to the August 1, 2011 letter by notifying the IRS that I had received a discharge in bankruptcy in January of 2010 and attached a copy of the discharge.

8. On May 6, 2011 and again on August 7, 2011, I notified the IRS of my correct address.

9. On September 5, 2011, the IRS sent me another Notice of Penalty for 2002 to 2007 to the wrong address.

10. On October 12, 2011, the IRS sent a letter to the wrong address acknowledging receipt of the August 7, 2011 letter and asking for more time to review it.

11. On January 5, 2012, I sent another letter to the IRS with my discharge notice.

12. On April 9, 2012, the IRS sent a Notice of Intent to Levy by certified mail to the wrong address again.

13. On September 13, 2014, I was informed by Mrs. Jacqueline Richards-Fabian that she had received another Notice of Intent to Levy for 2002 to 2007 by certified mail at 150 Hopkins Road which is neither my current residence nor the address used on the Form 5471.

14. I was informed by Ansbacher Bahamas Ltd. in Nassau, Bahamas that Jalex Internationale S.A. had been struck from the corporate registry of companies in the Bahamas in 2001.

15. Jalex Internationale S.A. was owned by Strategic Partners International LLC (SPILLC). Strategic Partners International LLC was sold in July of 2000 and dissolved in fall of 2001.

I hereby declare and affirm under the penalties of perjury pursuant to 28 U.S.C §1746(1) that the foregoing is true and correct on September 24, 2014.

*[signature]*
Alan B. Fabian, Pro Se
43008-037
P.O. Box 2000
Lewisburg, PA   17837